ELIZABETH PEARL VIVIAN, Petitioner and Appellant, v. ROBERT WILBER VIVIAN, Respondent and Cross-Appellant.

No. 14168.
Submitted on Briefs Aug. 3, 1978.
Decided Sept. 13, 1978.
583 P.2d 1072.

Joseph C. Engel, III, Butte, for petitioner and appellant.

McCaffery & Peterson, Butte, for respondent and cross-appellant.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

This is an appeal by the wife from the amended findings of fact, conclusions of law and decree of dissolution entered by the Silver Bow County District Court on November 8, 1977, concerning the distribution of marital property and award of maintenance for her. The husband cross-appeals on the maintenance issue. No issue is taken as to the granting of the divorce.

The parties were married on September 1, 1947. The parties had six children as a result of this marriage; two of whom were minors at the time of the trial in this case, but who have since been emancipated by marriage or reached the age of majority. The parties separated in July, 1976.

The husband earns approximately $18,000 per year as an employee of the Montana Power Company. The wife, during the period of their marriage, has never worked outside the family home. However, after her separation from her husband, she was offered a job as a janitress for the Butte Schools. She declined to take the job due to her health. The wife is a diabetic and has hypertension. She is on medication and under a doctor's care for both conditions.

The marital assets consisted of a family home and furnishings, a boat, 225 shares of Montana Power stock, some monies in a Montana Power Company credit unit and savings plan, and a savings account in the First National Bank of Butte. In 1975, the husband received a $13,726.15 inheritance from his mother's estate.

The parties built their home approximately 20 years ago for $8,500. Both parties have had the home appraised. The wife's appraiser valued it at $36,000. The husband's appraiser gave it a value of $29,000. The court, in its findings, averaged the two appraisals which gives the home a value of $32,500.

The wife filed a petition for divorce in October, 1976. During the pendency of the action, the District Court ordered the husband to pay $200 a month to the wife for her support and maintenance. The matter came on for a hearing on April 15, 1977.

The District Court entered findings of fact and conclusions of law on October 27, 1977. Thereafter, these findings and conclusions were amended, and as amended were entered on November 8, 1977. In its findings the court found that the husband was able and capable of paying $100 per month for one year to the wife; that the husband's inheritance was expended to enhance the value of the home; that the home was worth $32,500; that the $13,726.15 inheritance should be deducted from the value of the home ($32,500 − $13,726.15 = $18,773.85); and that the parties are entitled to an equal distribution of the marital assets, excluding the home furnishings and the boat which were given to the husband. The court entered the decree in accordance with these findings. In the decree, the husband was ordered to pay appellant wife $15,542.26 in cash for her share of the marital assets. Following the denial of her motion for new trial or to vacate the findings and conclusions, the wife brings this appeal and the husband cross-appeals.

The wife in her appeal raises two issues which are:

1. Whether the District Court erred in its distribution of the marital property.

2. Whether the District Court erred in the amount and duration of maintenance awarded to appellant wife.

In his cross-appeal the husband raises the issue of whether the court erred in making any award of maintenance to the wife.

"It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless there is a clear abuse of that discretion." (Citations omitted.) *Eschenburg v. Eschenburg* (1976), 171 Mont. 247, 557 P.2d 1014, 1016.

"'* * * a reviewing court is never justified in substituting its discretion for that of the trial court. In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles

resulting in substantial injustice." *Porter v. Porter* (1970), 155 Mont. 451, 457, 473 P.2d 538.

Utilizing this standard of review here, we hold that the District Court abused its discretion in its distribution of the marital property.

■ We believe that to have a proper distribution of the marital property, the trial court must first determine the net worth of the parties at the time of their divorce. *In Re Marriage of Kramer* (1978), 177 Mont. 61, 580 P.2d 439; *Downs v. Downs* (1976), 170 Mont. 151, 551 P.2d 1025. Here, the parties themselves cannot agree as to what the court found their net worth to be. The wife claims the value of their marital assets is $63,408, while the husband maintains their net worth is $47,885.70. Without a clear finding as to net worth, this Court cannot determine if the property was equitably divided.

■ As for the inheritance, the wife argues that it should not have been deducted from the value of the home prior to dividing the marital property. We agree.

This Court, in *Morse v. Morse* (1977), 174 Mont. 541, 571 P.2d 1147, held that an inheritance received during the marriage is a marital asset. We went on to explain that this holding meant that an inheritance had to be taken into consideration in dividing the assets. However, in *Morse*, we recognized that no definite rule could be established as to how the trial court was to consider this asset. Each case has to be decided on its own facts.

In the instant case, the District Court did consider. the inheritance. The court determined that the inheritance was used to increase the value of the home. Then, in dividing the assets, the court first deducted the amount of the inheritance from the value it had given the home. We can find no evidence in the record to support the manner in which the court treated this inheritance. The evidence does not show that the inheritance was used to improve the home. The evidence only establishes that the husband received an inheritance in 1975. Furthermore, assuming that the inheritance was used to improve the home, it is not clear to us why it

should then be deducted from the value of the home before dividing the marital assets. Thus, we hold, in this case, that the court erred in the manner in which it considered the inheritance when dividing the marital property.

In its order of distribution, the court gave the husband the value of the inheritance, the boat and the home furnishings along with one-half the value of the remaining assets, without any explanation. Without specific findings to support the distribution of the marital assets, we cannot properly review the decision of the lower court. *Capener v. Capener* (1978), 177 Mont. 437, 582 P.2d 326. On remand then, the court should make specific findings of fact as to the elements specified in section 48-321, R.C.M.1947, which is the statutory provision on property distributions in divorce proceedings, as well as any other factors it considers in dividing marital property. *In Re Marriage of Johnsrud* (1977), 175 Mont. 117, 572 P.2d 902.

Since we have held that the property distribution must be reversed, we must also reverse the award of maintenance. The rule is that the needs of the spouse as to maintenance and the reasonableness of such an award can only be properly determined after there has been an equitable division of the marital estate. *Kramer v. Kramer*, supra. *Johnsrud v. Johnsrud*, supra. There being a lack of findings to show an equitable division of the property, we reverse the maintenance award entered by the court because we cannot determine at this time whether the award of maintenance was proper.

The trial court's decree is set aside except for the dissolution of the marriage and the cause remanded for a new trial on the issue of distribution of the material property and maintenance of the wife in accord with this opinion.

Effective on the date this opinion is filed with the Clerk of this Court, the temporary order of the District Court *pendente lite*, dated January 15, 1977, is reinstated to the extent that, beginning October 1, 1978, the husband shall pay $200 per month to the wife

for her maintenance until further order of the District Court, or until final judgment is entered.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.