No. 14735

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF

SHARON KAY METCALF,

      Petitioner and Respondent,

  -vs-

RONALD RAY METCALF,

      Respondent and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
             Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Lynaugh, Fitzgerald, Schoppert, Skaggs and Essman,
        Billings, Montana

    For Respondent:

        Berger, Anderson, Sinclair and Murphy, Billings, Montana

---

Submitted on briefs:  June 27, 1979

Decided: AUG 22 1979

Filed: AUG 22 1979

_____
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises out of a property settlement in a divorce action in Yellowstone County.

Respondent wife and appellant husband were married in 1964 and have two children: Brett, age 11, and Tania, age 14. During the marriage, appellant was employed as a mechanic, salesman and carpet installer. Presently appellant works as a salesman for a wholesale plumbing corporation. In increasing his sales area income approximately six-fold, appellant has earned the following steadily rising incomes: $18,101 in 1975; $27,758 in 1976; and $38,666 in 1977. Appellant also projected his annual income for 1978 as $42,000.

Respondent has a high school education and has held various jobs throughout the marriage: sales clerk, dental assistant, and receptionist. Shortly after appellant secured his present job, respondent quit her full-time employment and has only worked occasionally since that time, selling vitamins to friends and relatives.

During the course of the marriage, the parties acquired several assets:

|  | Value | Obligation | Equity |
|---|---|---|---|
| Family home | 65,000 | 44,000 | 21,000 |
| Two lots | 22,000 | 7,800 | 14,200 |
| Boat, trailer | 5,000 | 5,000 | 0 |
| Dining room set | 2,400 | 1,300 | 1,100 |
| Household property | 13,600 | 600 | 13,000 |
| Car | 3,000 | 0 | 3,000 |
| Motorcycle | 600 | 0 | 600 |
| Guns | 350 | 0 | 350 |
| Trampoline | 500 | 0 | 500 |
| Horse and foal | 2,000 | 0 | 2,000 |

As of the fall of 1978, the total value of the marital estate was approximately $114,000 and was subject to approximately $55,000 worth of secured and $12,000 worth of unsecured

debts. Also, during the marriage, a $5,000 inheritance was received by appellant and used by both parties in the various expenses of the marriage.

Respondent filed a petition for dissolution on April 17, 1978, and the matter came for hearing on October 24, 1978. The District Court entered its findings of fact and conclusions of law on December 6, 1978. Among the findings and conclusions, the court found that the dissolution should be granted, that the custody of the two children should be granted to respondent, that appellant should pay $400 per month child support and maintain health and medical insurance for the children, and that appellant should pay $200 per month maintenance until the court should further order or petitioner should remarry. The court also ordered the appellant to pay respondent's attorney fees of $1,620.

With regard to the distribution of property, the court found that respondent should receive the home, the dining room set, the household property, and the car, and that appellant should receive the two lots, the boat and trailer, the horse and foal, the motorcycle, the guns and the trampoline. The court further found that each party should be individually responsible for the obligations owing on the items received, except that appellant would be responsible for the second mortgage on the home.

A judgment giving effect to the findings and conclusions was entered on December 12, 1978, and appellant filed a notice of appeal on January 11, 1979. Respondent thereafter requested an allowance for attorney fees to defend the appeal. On April 19, 1979, the court granted respondent attorney fees in the amount of $2,000. Appellant also appealed this award.

-3-

Three issues are raised on appeal:

1. Whether the District Court abused its discretion in failing to consider $12,000 worth of unsecured debts in arriving at a net worth of the marital estate.

2. Whether the District Court erred because it did not make any findings as to appellant's inheritance.

3. Whether the District Court awards of attorney fees were reasonable and supported by substantial evidence.

Before discussing the first issue, we will consider a preliminary matter. Respondent contends that appellant has waived his right to object to the District Court's failure to include either the unsecured debts or appellant's inheritance in the determination and disposition of the marital estate. Respondent argues that appellant should have brought these "oversights" to the attention of the court under Rules 46 and 52(b), M.R.Civ.P., by moving to amend the findings and conclusions of the court. Since appellant failed to file a motion to amend within ten days of the notice of entry of judgment, it is argued that there is a waiver and that there is no right to object to these matters on appeal.

We disagree. To begin with, the record reveals that the matters raised by appellant were not "oversights." Appellant informed the court in his trial memorandum that respondent's proposed findings of fact were not sufficient with respect to the inheritance or the unsecured debts. The court, however, chose to adopt the findings despite these objections. Under these circumstances, it is unlikely that a motion to amend would serve any further purpose. Nor is such a motion required by the rules. A motion to amend is not, therefore, a precondition to this appeal, and the matters raised by appellant may properly be considered by this Court. Section 1-3-223, MCA.

Appellant's primary objection on appeal is that the trial court erred because it did not consider, in arriving at the net worth of the parties, $12,000 worth of unsecured debts. At the hearing on October 24, uncontradicted evidence of the following unsecured debts was introduced:

| | |
|---|---|
| Sears & Roebuck Co. | 700.00 |
| Bankers Life | 1,938.07 |
| Mrs. R. J. Metcalf | 8,500.00 |
| Dr. Greenlec | 940.00 |

The trial court, however, failed to include the above unsecured debts in distributing the marital estate when it adopted respondent's proposed findings and conclusions. It distributed the major assets of the marital estate in the following manner:

| | TO PETITIONER | | TO RESPONDENT | |
|---|---|---|---|---|
| | Assets | Liabilities | Assets | Liabilities |
| Home | 65,000 | 37,000 | | 7,000 |
| Two lots | | | 22,000 | 7,800 |
| Boat | | | 5,000 | 5,000 |
| Dining rm | 2,400 | 1,300 | | |
| Household | 13,600 | 600 | | |
| Car | 3,000 | | | |
| Motorcycle | | | 600 | |
| Guns | | | 350 | |
| Trampoline | | | 500 | |
| Horse | | | 2,000 | |

The District Court allowed respondent approximately $84,000 assets and $38,900 liabilities, or a net worth of $45,100. It allowed appellant $30,450 assets and $19,800 liabilities, or a net worth of $10,650.

We have previously held that to have a proper distribution of marital assets, the trial court must first determine the net worth of the parties at the time of their divorce. Grenfell v. Grenfell (1979), ___ Mont. ____, 596 P.2d 205, 207, 36 St.Rep. 1100, 1103; Vivian v. Vivian (1978), _____ Mont. ____, 583 P.2d 1072, 1074, 35 St.Rep. 1359, 1361. In arriving at net worth, the trial court must consider the ". . . assets [and] liabilities . . . of each of the parties . . ."

Section 40-4-202, MCA. The trial court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of discretion is shown. In Re Marriage of Kramer (1978), ____ Mont. _____, 580 P.2d 439, 442, 35 St.Rep. 700, 704; Zell v. Zell (1977), ____ Mont. ____, 570 P.2d 33, 35, 34 St.Rep. 1070, 1074.

In this case we believe the court abused its discretion. Before distributing the property, the court should have considered the $12,000 worth of unsecured debts in arriving at the net worth of the parties. Without this consideration, the property division was incomplete. Furthermore, the liability for the unsecured debts should have been considered because it could have greatly affected the burden of each party respecting his or her share of the estate. If, for example, appellant received the entire responsibility for the unsecured debts, his total liabilities would have exceeded his total assets and he would have experienced a total net deficit of $1,350. The assumption of the debt would have effectively reduced the 14 percent of the marital estate he actually received to nothing. This factor, if considered by the court, should have alerted it that the property distribution was inequitable. Likewise, if respondent assumed this debt, there may have been difficulty in meeting all the obligations she assumed. Accordingly, it is necessary to remand this case so that the unsecured debts may be considered in determining the net worth of the parties and that the assumption of debts may be viewed in the totality of the circumstances. These considerations should significantly affect the outcome of the property distribution.

With respect to the second issue, appellant argues that the trial court was bound under a previous decision to make

a specific finding regarding appellant's inheritance. Vivian, 583 P.2d at 1074, 35 St.Rep. at 1362.

We disagree. Contrary to appellant's interpretation, Vivian requires only that the court take an inheritance into consideration in dividing the marital estate, not that it make a specific finding regarding the inheritance.

> ". . . This Court, in Morse v. Morse . . . held that an inheritance received during a marriage is a marital asset. We went on to explain that this holding meant that an inheritance had to be taken into consideration in dividing the assets. However, in Morse, we recognized that no definite rule could be established as to how the trial court was to consider this asset. Each case has to be decided on its facts." Vivian, 583 P.2d at 1074, 35 St.Rep. at 1362.

Here, we believe that the trial court did consider appellant's inheritance, at least as best as was possible given the circumstances. The court was faced, however, with the impossibility of tracing these funds. Appellant testified that his inheritance was consumed by the expenses and assets of the marriage. Supporting this testimony was the fact that the inheritance was received in 1973 when the income of the parties was below $10,000. Faced with this predicament, the court could do nothing more.

> ". . . We do not feel that the trial judge must become an appraiser, an accountant, a computer, and an all-around genius to appropriately decide the facts as established by the documentation given at trial. It is the parties' duties to assist the trial court in getting this information so a proper judgment is made as to their marital assets." Downs v. Downs (1979), _____ Mont. _____, 592 P.2d 938, 939, 36 St.Rep. 577, 579.

Accordingly, we find that the court did not err in failing to make a specific finding regarding the inheritance.

With respect to the issue of attorney fees, section 40-4-110, MCA, vests in the District Court the discretion to award a reasonable amount for attorney fees in a dissolution

proceeding. In reviewing that discretion, we must determine whether there is substantial evidence to support the amount awarded. Allen v. Allen (1978), ____ Mont. ____, 575 P.2d 74, 77, 35 St.Rep. 246, 249.

Here the District Court awarded respondent attorney fees of $1,620 for the original proceeding and $2,000 for the appeal. Respondent demonstrated necessity. Whitman v. Whitman (1974), 164 Mont. 124, 132, 519 P.2d 966, 970. In view of the circumstances of this case, the record, and the documents and exhibits prepared by counsel, we believe the award of attorney fees for the original proceeding was supported by substantial evidence. However, the award of attorney fees for the appeal was excessive and unsupported by substantial evidence. The briefs were short, oral argument was waived, and no novel issues were presented. Accordingly, we vacate the award of attorney fees and remand to the District Court for a determination of these fees.

This case is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices