No. 14896

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

------------

IN RE THE MARRIAGE OF

DOROTHY McGILL,

                    Petitioner and Appellant,

    vs.

WILLIAM WESLEY McGILL,

                    Respondent and Respondent.

------------

Appeal from:  District Court of the Fourth Judicial District,
               In and For the County of Ravalli,
               Honorable Jack L.Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Tipp, Hoven and Skjelset, Missoula, Montana

    For Respondent:

        Lee A. Jordon, Missoula, Montana

------------

Submitted on briefs: November 21, 1979

Submitted: MAR 2 7 1980

Filed:

                        Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals from a property distribution decree of the Ravalli County District Court. Although she raises issues in relation to maintenance and an award of attorney fees, the primary issue is whether the trial court erred in dividing the parties' property before determining the net worth of the marital assets.

The wife commenced this action on June 30, 1978, by filing a petition for dissolution. On December 22, 1978, the court dissolved the parties' marriage, and reserved the petitioner's request for an equitable property division for a later date. After conducting a hearing on this issue, the court filed an order dated April 11, 1979, which divided the marital assets, made no provision for maintenance, and awarded the wife $500 for attorney fees. The wife filed a motion for a new trial, or amendment of the court's judgment. On May 23, 1979, the court filed an order which denied the motion for a new trial and amended its judgment. The wife appeals from the amended judgment.

The parties were married in 1948, and had four children of the marriage, all of whom are now emancipated. At the time of the court's judgment the wife was 53 years of age and the husband was 56. During the last ten years, the parties have been separated, the husband maintains a separate residence in Seattle, Washington, while the wife resides in Stevensville, Montana.

The husband served more than 20 years in the United States Navy before retiring in November 1978. He now receives a military pension of $642.44 per month. Prior to his military service, the husband was an automobile salesman in Hamilton, Montana. In the past few years, he has experienced several physical problems, and intends to obtain a college education rather than return to selling.

The wife has been employed as a secretary for the Stevensville School District for over ten years and receives net pay of $368 per month during the ten month school calendar. In the summer months, the wife has performed part-time work. During the parties' ten year separation, she has lived in the family home at Stevensville where she raised the parties' four children. The husband voluntarily contributed child support until the fall of 1977.

The court's findings of fact made in connection with its property division did not place an overall value on the marital assets. The court estimated the value of the parties' house to be $60,000 to $75,000, but it did not place a lump sum value on the husband's military pension or value the parties' personal property.

The court's judgment provided that the family home should be sold with the net proceeds to be equally divided between the parties. It further provided that the wife

> ". . . should be awarded the following items of marital property subject to the payments by her of the security and indebtedness therein:
>
> "a) The household furnishings in said home;
>
> "b) All other items located in the family home, except those items of a personal nature belonging to the Respondent;
>
> "c) The 1976 Toyota;
>
> "d) New York Life account in the amount of $1500, of which she is the owner; and
>
> "e) The proceeds from the promissory note given to her by her sister, and all her checking and savings accounts."

The husband was awarded the following property:

> "a) The retirement pension;
>
> "b) 1968 Chevrolet and 1959 Volkswagen;
>
> "c) The $5000 New York Life policy and the $10,000 New York Life policy;
>
> "d) All his checking and savings accounts;

"e)     All his interest in the Knoxville, Tennessee
         property for which he holds the warranty deed."

The court made no provision for the maintenance of either party, and awarded the wife $500 for attorney fees.

The wife filed a motion for a new trial or amendment of judgment, and a brief in which she sought a share of the husband's military pension, maintenance and a larger award for attorney fees. She asked the court to set a value on the husband's pension.and the family home, and to state which items of personal property the husband could recover from the family home. In connection with her request for maintenance, the wife stated that there was no evidence to support the court's finding that she could reasonably be expected to earn $450-$500 per month.

The court order of May 23, 1979, denied the motion for a new trial, but amended its judgment to award the wife $100 per month from the husband's pension. The court order affirmed the prior judgment in all other respects. The wife appeals this order.

The wife argues that the court could not make an equitable property division without first determining the parties' net worth. See, In Re Marriage of Metcalf (1979), ___ Mont. ___, 598 P.2d 1140, 36 St.Rep. 1559; Grenfell v. Grenfell (1979), ___ Mont. ___, 596 P.2d 205, 36 St.Rep. 1100; In Re Marriage of Brown (1978), ___ Mont. ___, 587 P.2d 361, 35 St.Rep. 1733; Vivian v. Vivian (1978), ___ Mont. ___, 583 P.2d 1072, 35 St.Rep. 1359. In particular, she contends the court should have placed a value on the family home, and the husband's military pension.

We find no error concerning the disposition of the family home. The court roughly estimated the family home's worth at $60,000 to $75,000. This estimate was supported by evidence produced at trial. A precise estimate of the home's value was not needed

-4-

here, where the court ordered the net proceeds from the sale to be equally divided between the parties.

On the other hand, the court did not evenly divide the husband's military retirement pay. At the time of the court's decree, the husband was receiving net retirement pay of $642 per month. The size of the pension increases automatically as the cost of living rises. The court concluded that the pension which terminates upon the husband's death did not have a precise lump sum value, but that the sum of $100 per month from the pension, coupled with the previous award to the wife, represented the wife's equitable share in the marital estate.

We find that the trial court's findings of fact do not adequately support its award of only 15% of the husband's pension to the wife. Since the court was unable to determine the total value of husband's pension, it apparently attempted to equalize the incomes of parties by awarding the wife with $100 per month from the pension. The court found that the wife could reasonably be expected to earn $450 to $500 per month, while the husband intended to rely solely on the military pension for his support. Thus, the court apparently reasoned that its award to the wife would result in net monthly income of approximately $550 to each party.

The trial court's finding concerning the wife's earning capacity requires clarification. The court does not state whether the wife's prospective earnings of $450 to $500 per month are net or gross earning. Although we have discussed the wife's prospective earnings as if they were net monthly earnings, the trial court does not state whether this figure represents net or gross income. In addition, the record does not support the conclusion that the wife can reasonably

-5-

be expected to receive net monthly pay of $450 or more. Her present salary with the school district provides her with a net monthly income of $368. There was no evidence in the record to show that she could reasonably be expected to earn more than $368 per month in the future.

The wife also asserts error in the court's failure to value the remaining personal property distributed by the court. The court apparently concluded that the residue of the marital estate was relatively unsubstantial and thus did not have to be valued. The record does not support such a conclusion. Husband testified that he had over $3,000 in his savings account, and the parties had an interest in numerous insurance policies. The trial court did not give any explanation for dividing the personal property as it did. It is not the function of this Court to value each item in the marital estate in order to measure the fairness of the distribution. We conclude the court's failure to place a value on the parties personal property prevents us from adequately reviewing the equities here.

A further comment on the court's findings is needed here. Reviewing the court's findings as a whole, we are unable to determine any coherent plan for equitable distribution of the parties' property. The court awarded the wife with 50% interest in the parties' home, but she received only 15% of the husband's pension. No estimate was placed on the wife's share in the remainder of the parties' personal property. The trial court's failure to provide in its order any overall plan for the distribution of the property makes review exceedingly difficult, if not impossible.

The wife argues that she is entitled to maintenance. The wife's need for maintenance can only be determined after there has been an equitable division of property. See In Re Marriage of Johnsrud (1977), 175 Mont. 117, 572 P.2d 902, 34 St.Rep. 1417.

-6-

Since it is not possible to ascertain whether the property division was equitable, we cannot determine whether the court properly denied maintenance.

The wife also contends that she is entitled to a larger award for attorney fees. The court found that the wife had incurred reasonable attorney fees in the amount of $1,001.92 and that the husband having a more favorable cash standing than the wife should be required to pay $500 of the wife's fees. The wife argues that the court's failure to properly apportion the parties' property indicates that it failed to consider the financial resources of both parties before awarding attorney fees. See section 40-4-110, MCA. Under the circumstances of this case, we consider it best to also vacate the attorney fee award and leave it to the discretion of the trial court as to whether the award should be modified in view of the action we take remanding the case for appropriate findings.

The judgment is vacated and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-