No. 80-301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF

TERRY W. SANDERSON,

Petitioner and Appellant,

vs.

TONETTE M. SANDERSON,

Respondent and Respondent.

---

Appeal from:   District Court of the Tenth Judicial District,
               In and for the County of Fergus, Montana
               Honorable LeRoy McKinnon, Judge presiding.

Counsel of Record:

        For Appellant:

        Robert L. Johnson, Lewistown, Montana

        For Respondent:

        Spoja and O'Hare, Lewistown, Montana

---

Submitted on briefs: January 14, 1981

Decided: February 23, 1981

Filed: FEB 23 1981

Thomas J. Kearney
_____
                            Clerk

Mr. Justice Frank B. Morrison delivered the Opinion of the Court.

Husband appeals from an order of the District Court of the Tenth Judicial District denying his petition for specification of his visitation rights. The single issue presented is whether the District Court abused its discretion in refusing to specify appellant's right of visitation. We find that it did.

The controlling statute in this matter is section 40-4-217, MCA, which reads in part:

> "(1) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health.
>
> ". . .
>
> "(3) The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health."

Terry and Tonette Sanderson were married in July of 1974. Their marriage was dissolved February 5, 1979. The final decree awarded custody of the five-year-old daughter, Tara, to the mother with reasonable visitation granted to the father. At the time of the dissolution and briefly thereafter, the Sandersons lived in Lewistown, Montana. The father currently resides in Montana. The mother and daughter have moved to Salt Lake City, Utah.

In April of 1980 the father petitioned the District Court for modification of the decree requesting specification of his visitation rights. A hearing was held June 18, 1980, and testimony from both parents was heard. The order denying the father's petition was entered July 17, 1980.

-2-

The District Court concluded it would be in the best interest of the child to remain in the custody of the mother, and the father should retain his "right of reasonable visitation." The District Court declined to define the meaning of reasonable visitation.

Under section 40-4-217(3), MCA, the trial court may modify visitation whenever modification would serve the best interest of the child. Concomitantly, the noncustodial parent should not be restricted unless visitation would endanger the child.

At the time of the original decree "reasonable visitation rights" were workable because both parents resided in Lewistown. The mother, by moving to Salt Lake City, Utah, put 600 miles between father and child. The practical effect has been to restrict the father's visitation. Winn v. Winn (1980), ____Mont.____, 618 P.2d 870, 871, 37 St.Rep. 1734, 1736. The parties agreed that the father's relationship with the child is beneficial. The father's visitation rights should be defined allocating sufficient time for the father's visitation so that a meaningful relationship can be nurtured.

A specification of visitation rights is not necessarily a modification of decree. Husband's rights in this case would not be expanded, but rather would be defined with particularity. Here a clarification is necessary. Rivard v. Rivard (1969), 75 Wash.2d 415, 451 P.2d 677.

This cause is remanded, and the District Court is directed to specify a reasonable schedule of visitation for the father.

_____
                    Justice

-3-

We concur:

_____
           Chief Justice

_____

_____

_____
              Justices