No. 81-91

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF:

DOROTHY McGILL,

Petitioner and Respondent,

and

WILLIAM WESLEY McGILL,

Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Ravalli
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Lee A. Jordan, Missoula, Montana

For Respondent:

Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana

---

Submitted on briefs: November 6, 1981

Decided: December 9, 1981

Filed: DEC - 9 1981

_Thomas J. Kearney_
_____
CLerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the husband from the property distribution in the decree of the District Court of the Fourth Judicial District, in and for the County of Ravalli.

This is the second time this cause has been before this Court. See In re Marriage of McGill (1980), ____ Mont. ____, 609 P.2d 278, 37 St.Rep. 578. The fact situation set forth in that opinion is satisfactory for our consideration of this case in view of the fact that it is again necessary to return this case to the District Court for reconsideration.

Although eight issues are raised on appeal, they can be summarized in two issues: (1) What effect does McCarty v. McCarty (1981), ____ U.S. ____, 101 S.Ct. 2728, 69 L.Ed.2d 589, have on this case? (2) Did the the District Court abuse its broad discretion in making the property settlement?

Our first decision in this case was rendered on March 27, 1980. On June 26, 1981, the United States Supreme Court reversed a California decision and held that the federal law precludes a state court from dividing military retirement pay pursuant to state community property laws. McCarty v. McCarty (1981), ____ U.S. ____, 101 S.Ct. 2728, 69 L.Ed.2d 589. The Court held that there is a conflict between the terms of the federal military retirement statutes and the community property rights asserted by the respondent; that the military retirement system confers no entitlement to retirement pay upon a retired member's spouse, and does not embody even a limited "community property" concept. Rather that the language, structure, and the history of the

-2-

statutes make clear that retirement pay continues to be a personal entitlement to the retiree. See also, Sandoval v. Sandoval (Ariz.App. 1981), 634 P.2d 405.

McCarty is directed at California and other community property states, but the language of the opinion is certainly broad enough to include noncommunity property states. The Court notes, "Congress has determined that a youthful military is essential to the national defense; it is not for States to interfere with that goal by lessening the incentive to retire created by the military retirement system." McCarty, 101 S.Ct. at 2742, 69 L.Ed.2d at 607.

In the instant case, appellant's major asset is $720.97 per month in military retirement pension, valued at $93,108.80. Therefore, this case is remanded to the District Court for exclusion of that asset.

The appellant also claims the District Court erred in failing to (1) order the home sold and the assets equally divided, (2) properly establish the wife's present income, (3) properly evaluate the family home to include irrigation systems, etc., and (4) properly evaluate the insurance properties and mortgage balance. These can all be reconsidered on retrial.

The judgment of the District Court is reversed and the case remanded for further hearings.

_____
Justice

-3-

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-