No. 14282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

IN RE THE MARRIAGE OF
E. G. BALSAM, JR.,

            Petitioner and Respondent,

    -vs-

JACQUELINE M. BALSAM,

            Respondent and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
             Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Berger, Anderson, Sinclair & Murphy, Billings, Montana
        James J. Sinclair argued, Billings, Montana

    For Respondent:

        Longan & Holmstrom, Billings, Montana
        James C. Capser argued, Billings, Montana

---

                        Submitted:  November 15, 1978
                          Decided:  JAN 15 1979

Filed: JAN 1 5 1979

_Thomas J. Kearney_
                                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Wife appeals from judgment of the Yellowstone County District Court finally distributing marital assets after dissolution of her marriage to respondent-husband.

The parties were married in January 1964. During their thirteen year marriage, they had three children. The husband petitioned for dissolution which was granted on March 9, 1977. Custody, support, visitation, maintenance and property distribution were to be settled later. Mutual agreement was reached as to all matters except property division. The wife would retain custody of the three minor children. Husband was obligated to pay $250.00 per month per child for support until each attained the age of majority. No provision was made for maintenance; none was pleaded. Only the issue of property distribution was presented to the District Court.

The property before the Court included:

| | | |
|---|---|---|
| (1) | family home appraised at | $92,800.00 |
| (2) | household furnishings and personal property in possession of wife | 17,000.00 |
| (3) | household furnishings and personal property in possession of husband | 3,000.00 |
| (4) | 1972 Mercury station wagon | 2,275.00 |
| (5) | 34 shares Balsam, Inc. stock | 58,549.36 |
| (6) | 1 share Hornoi Transport, Ltd. stock | no value |
| (7) | 215 shares Hornoi Transport, Inc. stock | 54,487.45 |

The marital debts were:

| | | |
|---|---|---|
| (1) | Unsecured notes from First National Bank, Miles City, Montana | $19,000.00 |
| (2) | Note payable to Midland, Inc. for construction materials used in construction of marital home | 6,190.00 |

-2-

On December 9, 1977, the District Court issued its memorandum-order determining the wife's entitlement to the above assets and liabilities. The court engaged in a reasoned analysis as follows:

Family Home. Prior to their marriage, husband was given a trust fund by his parents. After marriage and construction of the marital home, he withdrew monies from the trust fund and reduced the construction price of $66,800.00 by 41%. Documentation of this transaction was received into evidence without objection. The court ruled that only 59% of the home's present value was includable in the marital estate for division.

Balsam Inc. Stock. Husband was given 19 shares of Balsam, Inc. stock and 50 shares of Northern Tank Lines, Inc. stock by his parents. Husband later traded the Northern Tank Lines, Inc. stock for 15 more shares of Balsam, Inc. stock, giving him a total of 34 shares. The court noted no increase in the value of this gifted stock discernible from the evidence presented and that its value is adversely affected by transfer restrictions. The Balsam, Inc. stock was not included in division of the marital property.

Hornoi Transport, Ltd. Stock. During the marriage, husband and his brother combined the dividends received from Northern Tank Lines, Inc. stock and purchased inter-provincial authority to transport petroleum products from Canada into the United States. The new concern, named Hornoi Transport, Ltd., generated substantial income until about a year after its inception when the Canadian government imposed a heavy export tax on petroleum products thereby causing a complete cessation of business. The corporation has produced no income since and was considered valueless at marital dissolution.

Hornoi Transport, Inc. Stock. With the funds generated while Hornoi Transport, Ltd. was profitable, husband and

his brother purchased certain Montana-North Dakota intrastate authority to haul petroleum products around which they formed Hornoi Transport, Inc. Husband held a 50% interest in Hornoi Transport, Inc. valued at $54,487.45. The court included this amount in the marital estate.

Ultimately, the assets in which the wife was deemed entitled to share included:

| | | |
|---|---|---|
| (1) | family home to extent of (59%) | $54,752.00 |
| (2) | furnishings and personal property | 20,000.00 |
| (3) | automobile | 2,275.00 |
| (4) | Hornoi Transport, Inc. | 54,487.45 |
| | | $131,514.45 |

Deducting the marital debts ($25,190.00), her one-half share was deemed $53,162.22. Out of this figure, the court awarded the home furnishings and personal property in wife's possession ($17,000.00) and the automobile leaving a balance of $33,887.22. The court recommended that if the wife remain in the home with the children, an arrangement be made whereby when the youngest child attains majority, the home be sold and its proceeds divided in proportion to their respective interest, i.e., 63.48% to husband, and the balance to the wife.

The issue presented is whether the District Court's distribution of the marital property was an abuse of discretion.

Our standard of review in disputes over a District Court's division of marital property is whether in the exercise of its discretion the court acted arbitrarily, unreasonably or without regard to recognized principles resulting in substantial injustice. Porter v. Porter (1970), 155 Mont. 451, 457, 473 P.2d 538, 541. This case was submitted with an agreed statement of record on appeal pursuant to Rule 9(d), Mont.R.App.Civ.P., hence we confine our inquiry to whether there was substantial evidence in that record and

-4-

the exhibits to support the court's findings and order of property disposition. Martinez v. Martinez (1978), _____Mont. _____, 573 P.2d 667, 669, 35 St.Rep. 61, 63.

Wife argues that her award of $53,162.22 when compared to $234,848.49 is manifestly inequitable. Our preliminary observation is that the wife's valuation of the marital estate is not supported by the record. The $234,848.49 figure is derived from the chart attached to her brief, ostensibly for this Court's convenience. The wife values the Balsam, Inc. stock without discount. The uncontraverted testimony of husband's certified public accountant was that "if value were to be determined by use of book values, then the stock in Balsam, Inc. would have to be discounted for minority interest." Exhibit 2, fixing the discounted value, was then admitted without objection. Likewise, the only evidence on value of the Hornoi Transport, Ltd. stock was that it had no present value. Since these valuations were accepted by the District Court without objection by wife's counsel, we cannot consider her recalculations on appeal. Sikorski v. Olin and Rolin Mfg., Inc. (1977), ____ Mont. _____, 568 P.2d 571, 574, 34 St.Rep. 1042, 1046 (citing cases).

Essentially, the wife maintains it is inequitable that she has no source of income while the husband does. She forsees the eventual exhaustion of property awarded her by the time their youngest child attains the age of majority. Husband aptly characterizes this as a "maintenance argument", which assumes she will never work or remarry. Like the valuation she ascribes to the marital assets, wife's contention that the amount awarded will not enable her to maintain her station in life was not an issue raised in the District Court. In view of the fact that the wife had remarried at the time of trial, property disposition as an alternative to a maintenance was indeed a moot issue.

-5-

The parties are agreed that section 48-321(1), R.C.M. 1947, provides the statutory guidelines for distribution of marital property at dissolution. The wife contends however, the court failed to consider her non-monetary contributions in its disposition. We disagree. The court acknowledged the wife's non-monetary contribution with respect to 59% of the current value of the family home, all the home furnishings and personal property, the automobile and the Hornoi Transport, Inc. stock. With reference to the stock, the court reasoned:

> "Although this asset [Hornoi Transport, Inc.] came as a product of the husband's gifted stock interest in Northern Tank Line, being a dividend associated with such stock ownership, its development accrued during the marriage and can properly be considered a marital asset in which the wife would be entitled to some interest."

The rationale underlying the court's treatment of the Balsam, Inc. stock was also outlined in the court's memorandum:

> ". . . the gifted stock he now has in Balsam, Inc., has not been the product of any marital effort by either of them, but is purely a gift toward which the wife has made no contribution and, therefore, any entitlement in her should take this factor into account. If there has been any increase in the value of the stock over the period of the marriage, it is not discernible from the evidence before the Court."

The court thus exercised reasonable discretion in disallowing wife a half interest in the Balsam, Inc. stock.

In valuing the family residence, the court apparently adopted the husband's contention as stated in the court's memorandum:

> ". . . the amount of gifted trust money he put into the family home amounted to 41% of its construction price so that 41% of its present value should be his, exclusive of any interest in the wife. In other words, he regards 59% of the home to be marital estate and suggests that a 50-50 division of that interest would be appropriate."

This formula is troubling in light of a recent case. In Vivian v. Vivian (1978), _____ Mont. _____, 583 P.2d 1072, 1074-75, 35 St.Rep. 1359, 1362, this Court disapproved deducting an

inheritance received during marriage, assuming it was invested in home improvements, from the value of the marital home before dividing the marital assets. It seems the appreciated value of the home should be considered a product of the marital partnership and therefore includible in the marital estate. <u>Vivian</u> is distinguishable from the instant case however, because in <u>Vivian</u> no evidence was presented on the husband's expenditure for home improvements, and the inheritance was received during the marriage. Here, the gifted funds were received before marriage and evidence of husband's expenditure was clearly presented at trial. We do not approve the percentage deduction of monies invested in marital assets which have appreciated during marriage. In this case, however, we find no abuse of discretion.

The District Court's memorandum-order disposing of marital assets reflects a reasoned application of section 48-321(1), R.C.M. 1947, to division of the marital estate. All the marital assets were before the court. No abuse of discretion has been shown.

The District Court's judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justices

-7-