No. 80-145

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN RE THE MARRIAGE OF

M. J. COLLETT,

Petitioner and Appellant,

-vs-

EVELYN COLLETT,

Respondent and Respondent.

---

Appeal from:   District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Skedd and Ashley, Helena, Montana

For Respondent:

Jardine & McCarthy, Whitehall, Montana

---

Submitted on Briefs:   October 24, 1980

Decided:   JAN 12 1981

Filed:   JAN 12 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The Jefferson County District Court entered a decree of dissolution in this case on December 7, 1979. M. J. Collett, the husband, appeals from the provisions of that decree relating to the valuation of the marital estate, the property distribution, the award of maintenance and the award of attorney fees.

Following nineteen years of marriage, the husband filed a petition for dissolution in the Jefferson County District Court on May 24, 1979. A hearing was held on August 1, 1979. The main subject of the hearing was the value of several marital assets and the respective contributions of the parties.

The husband testified that at the time the petition for dissolution was filed, he had approximately $17,000 on deposit at the Helena Credit Union. He further testified that he sold a boat for $9,000 after the petition was filed. However, the record is not clear as to what was done with these funds between the filing of the petition and the time of the hearing.

M. J. Collett and Evelyn Collett, the wife, substantially agreed on the approximate value of most of the items comprising the marital estate. The main controversy on appeal involves the amount of cash included in the District Court's valuation of the marital estate and the court's determination of the contribution of the parties to the marital estate.

The appellant's primary focus is upon the proceeds from the sale of a tract of land and house. The husband's grandmother, Rose Squires, purchased the property in 1967 for $18,500. Title was held by Rose Squires and the husband in joint tenancy until 1972, when Mrs. Squires quitclaimed her interest in the property to the husband. Shortly after this transfer, the husband created a joint tenancy in the property with the wife. The parties and their two children lived on the property from 1967 through June of 1978, when the property was sold for $65,000. Of the $65,000 in sale proceeds, $28,380 was used as a down payment on a parcel of land and trailer home and $17,000 was

placed in the Helena Credit Union. The remainder of the proceeds is not accounted for.

Following the hearing, the District Court entered an order requiring each party to file a verified statement of the marital assets valued as of May 24, 1979, the date the petition was filed. The order further provided that either party could request a hearing on the substance of the verified statements. Both parties filed statements of the marital assets. The wife's statement values the net marital assets at $79,130. The husband's statement indicates a net marital estate of $60,465. Although the wife's statement includes several items not included in the husband's statement, the major differences are: husband's statement states that cash on deposit at the credit union totalled $9,000, while the wife stated the correct amount was $17,000; wife's statement includes a $3600 camper trailer while the husband states that it was purchased after May 24, 1979; wife's statement includes a $1500 cooler while husband's statement is silent as to this item; husband's statement includes a $2315 liability without explanation and several items had different valuations assigned by the parties. Neither party requested a hearing on the valuation.

The wife sought child support for the couple's minor child and the use of the family's home until the child attains majority. She also sought attorney fees. The parties agreed that the marital estate should be equally divided, and maintenance was never sought by either spouse.

The District Court entered its findings of fact, conclusions of law, and decree of dissolution on December 7, 1979. The District Court found that the husband exercised dominion over the $17,000 cash proceeds from the 1978 real estate sale by withdrawing the funds from the credit union after the filing of the petition for dissolution and that he also exercised dominion over $9000 received from the sale of a boat after the filing of the petition. The court purported to equally divide the marital

- 3 -

estate; however, the wife was given the use and possession of the family trailer home until the 12 year old minor reaches majority. It was further stated that the house and land are to be sold when the child attains majority, with the proceeds equally divided by the parties at that time. The court found that the wife required additional assistance and ordered the husband to pay $150 per month child support and $100 per month maintenance plus providing health and dental insurance. Husband was also required to pay reasonable attorney fees of $350. In addition, the court concluded that the husband "be required to pay the remaining balance remaining unpaid upon said home and land as it becomes due in partial recompense for the failure of petitioner to account to respondent for her share of the [proceeds of the 1978 real estate sale.]"

M. J. Collett raises the following issues on appeal:

1. Whether the District Court abused its discretion in valuing and distributing the marital assets?

2. Whether the District Court abused its discretion in awarding maintenance to the wife when it was never requested?

3. Whether the District Court abused its discretion in awarding attorney fees without any finding or evidence upon necessity or reasonableness?

The husband first contends that the District Court abused its discretion in valuing the marital estate by valuing items upon which no competent evidence was presented. We agree.

This Court has addressed numerous issues involving the valuation of marital estates in recent years. The valuation and distribution of the marital estate is governed by section 40-4-202, MCA. The statute vests the District Court with broad discretion to equitably apportion the marital assets, and our scope of review is limited to determining whether the trial court has abused its discretion. However, the factors listed in section 40-4-202, MCA, must be considered and referred to in the court's findings and conclusions and there must be competent evi-

- 4 -

dence presented on the values of the property. See In re

Marriage of Herron (1980), ___Mont.___, 608 P.2d 97, 37 St.Rep.

387; Dahl v. Dahl (1978), 176 Mont. 307, 577 P.2d 1230.

In the present case, there was no evidence presented on

the existence of several items of property or the values thereof.

The District Court relied exclusively on statements of and

valuations of assets submitted by the parties. Where one item

appeared on one of the parties' statement and not on the other

parties' statement the court included the item at the value

stated. When the parties disagreed on a valuation the court

assigned a value halfway between the two submitted valuations.

The husband also asserted that several of the items listed on the

wife's statement of assets were purchased after the filing of the

petition, and therefore, these items were considered twice --

once in the amount of cash on hand on May 24, 1979, and again on

the amount of the asset purchased after said date.

In addition, the District Court purported to equally

divide the estate. This, however, was not done. The court

stated that the equity in the family trailer home and land should

be equally divided, but then required the husband to make all

future payments on the property in "partial recompense" for his

prior conduct. This specific conclusion, which is previously

quoted, is akin to an assessment of punitive damages. Section

40-4-202, MCA, expressly provides that the court is not to con-

sider any marital misconduct in disposing of the marital assets.

As we stated in Cook v. Cook (1980), ___Mont.___, 614

P.2d 5̶1̶5̶ 511 ₅'', 37 St.Rep. 1180, 1185:

> "The valuation of assets and the determination
> of net worth are two important steps which must
> be made by the District Courts in the apportion-
> ment process . . . From these determinations, a
> basis is provided from which a District Court
> may make, or an appellate court may decide, that
> an apportionment is equitable. Without these
> determinations, the equitable distribution of
> marital assets amounts only to guesswork. This
> case must, therefore, be remanded to the
> District Court so that the parties' marital
> estate may be distributed on this basis.

> "By our decision today, we . . . intend only to reemphasize the importance of taking certain preliminary steps before property is distributed. Where parties cannot agree as to the value of a particular asset, we further encourage counsel to provide ample testimony for the District Court regarding values. . ."

In the present case, the District Court's valuation of many of the marital assets amounts to "guesswork," primarily due to the attorneys' failure "to provide ample testimony for the District Court regarding values." We therefore remand this cause to the District Court to require the parties to submit competent evidence on the value of disputed items of marital property and therefore to equitably distribute the assets pursuant to the factors provided in section 40-4-202, MCA.

The husband on appeal argues that he should be given credit for the value of the land gifted to him by his grandmother. To paraphrase his argument, the District Court should give the husband credit for the value of the land exclusive of the appreciation occurring after 1972, when he created a joint tenancy with his wife. However, pursuant to section 40-4-202, MCA, the acquisition of property by gift is only one factor to be considered in determining the respective contributions of both spouses. We have construed the provisions of the statute in the context of the receipt of a gift or inheritance in several recent cases. In re Marriage of Herron, supra; In re Marriage of Metcalf (1979), ____Mont.____, 598 P.2d 1140, 36 St.Rep. 1559; In re Marriage of Balsam (1979), ____Mont.____, 589 P.2d 652, 36 St.Rep. 79; In re Marriage of Brown (1978), ____Mont.____, 587 P.2d 361, 35 St.Rep. 1733. Upon remand the District Court should consider the guidelines provided by section 40-4-202, MCA, and these cases in determining the respective contributions of the parties.

With regard to the award of maintenance, the District Court failed to consider the guidelines provided in section 40-4-203, MCA, and made no specific findings with regard to the award of maintenance. It appears that the District Court based

- 6 -

its award of maintenance on three erroneous or unsupported findings: (1) Wife receives a net sum of $400 per month from her employment; (2) she is entitled to welfare assistance; and (3) husband has only furnished wife with $400 for the support of the family within the last nine months. The record discloses that the wife is employed by the State at the Boulder River School, but no evidence regarding the wife's earnings was presented. Wife's testimony establishes that she was eligible for welfare assistance at a time when she was on strike but there was no evidence presented on her current status. With regard to the amount furnished by husband for support, testimony reveals that he paid $400-$500 plus paying the utility charge account and other similar bills in the three months prior to the hearing. As previously stated, neither party sought maintenance. Further, at the hearing the wife testified that she would be satisfied with an equal division of the marital estate, $200 per month in child support plus health benefits and an equal division of the house and land payments. Upon remand the District Court should consider the guidelines provided in section 40-4-203, MCA, if maintenance is awarded.

Next appellant asserts that the court erred in awarding attorney fees to the wife. We agree. Again, the District Court made no findings of necessity for or reasonableness of the award of $350. Also, the record does not disclose that the trial court considered how the property distribution, child support, maintenance and award of attorney fees interrelate.

The judgment of the District Court is vacated and the cause remanded for further proceedings consistent with this opinion and the provisions of sections 40-4-202 and 40-4-203, MCA. For all concerned it is best that there be a full hearing upon the valuation of and contribution to the marital estate as well as the status of the parties, taking into account the factors provided in the Uniform Marriage and Divorce Act.

_Frank W. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_

Justices