No. 83-559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
KARIN M. KECSKES,

Petitioner and Respondent,

and

GREGORY KECSKES,

Respondent and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable H. William Coder, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. V. Barron, Great Falls, Montana

For Respondent:

Gorham Swanberg, Great Falls, Montana

Submitted on Briefs: April 12, 1984

Decided: June 19, 1984

Filed:

_____
Ethel M. Harrison
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Gregory Kecskes, Appellant, appeals from the judgment entered on November 8, 1983 by the District Court of the Eighth Judicial District, distributing marital assets.

Karin M. Kecskes (Wife) and Gregory Kecskes (Husband) were married in Ramstein, Germany on September 18, 1959. Husband was an Airman 1st Class in the Air Force pursuing a military career. During the course of their 23 year marriage, Wife followed her Husband to various points around the globe. In May 1974 after twenty years of service, Husband retired from the military service and returned to Great Falls with his Wife.

In addition to rearing their only son, the Wife also worked while her Husband fulfilled his military service. Frequent military transfers required the Wife to commence employment in each new location. In certain instances where a job was not available, the Wife took volunteer positions. Upon the parties return to Great Falls, the Wife became a dental assistant, a position she continues to hold at the time of this action.

Because of the parties' limited finances at the time of their marriage, Wife never received a wedding ring. In 1965 when Husband was serving a tour of duty in the Vietnam war zone, he mailed Wife a diamond wedding ring which he purchased in Saigon for $4,700.

Subsequent to his retirement from the Air Force in May 1974, Husband started receiving monthly retirement payments of approximately $850.00. Additionally, both parties invested in "Pit Stop", a foreign car repair business, which the Husband later sold for $5,000. Five-hundred dollars of

net proceeds of this sale Husband remitted to Wife. Husband presently draws $800.00 per month as a car salesman.

The home, owned jointly by the parties, is valued at approximately $47,000 with a mortgage of about $38,000. At the time of this action parties have agreed to equally divide the net proceeds from the sale of the house.

In addition to other minor debts, the parties owe the IRS approximately $2,100 pursuant to a delinquent 1981 tax obligation relating primarily to Husband's business endeavors; Wife's tax was withheld by her employer. By agreement with the IRS, Wife is paying $105.00 per month and Husband $62.00 per month to liquidate this debt.

The parties separated in April 1982 and Wife petitioned for a divorce the following October. Having found the marriage to be irretrievably broken, the district court granted a dissolution in December 1982.

On November 3, 1983 the matter of the property distribution was heard by the same court. Pursuant to pre-trial stipulation, matters of child custody, support and maintenance were settled. The trial court's order dated November 8, 1983 distributed: half the net equity in the house to each party; divided the remaining real and personal property; held both parties responsible for half of their delinquent 1981 joint tax obligation; awarded Wife a 50% share in the Husband's military retirement benefits. The Husband filed a Notice of Appeal on November 22, 1983. He presents the following issues:

1. Did the court follow the mandates of statutory law in equitably distributing the marital estate?

2. Are all portions of the Decree supported by evidence?

3. Did the court abuse its discretion in allocating one-half of the proceeds of the retirement benefits of Appellant to Respondent during his lifetime?

In reviewing divisions of marital property, this Court must determine only " . . . whether in the exercise of its discretion the court acted arbitrarily, unreasonably or without regard to recognized principles resulting in substantial injustice." Balsam v. Balsam (1979), 180 Mont. 129, 589 P.2d 652, 653-654. The trial court acted within its discretion to award the engagement ring to Respondent and to divide marital assets and debts equally.

The primary issue for consideration concerns the inclusion of Appellant's military retirement benefits as a marital asset and equal disposition thereof.

In Re The Marriage of Miller (Mont. 1980), 609 P.2d 1185, 1187, this Court held that military retirement pay resembled any ordinary pension and should be treated as a vested property right which constitutes a marital asset subject to distribution by the trial court. In 1981 the United States Supreme Court ruled that a military person's retirement benefit could not be considered marital property in a settlement division. McCarty v. McCarty, (1981) 45 U.S. 210, 101 S.Ct. 2728, 69 Law Ed.2d 589. In deference to the Supreme Court's decision, this Court carved out an exception for military retirement benefits from the established rule that ordinary pensions constituted marital property. In Re the Marriage of McGill, (Mont. 1981), 637 P.2d 1182.

Congress enacted 10 U.S.C. section 1408 et seq., the Uniform Services Former Spouses' Protection Act, H.R. Rep. No. 97-749, 97th Congress, 2nd Session (1982), with the express purpose of reversing the Supreme Court McCarty decision. 10 U.S.C. 1408(c)(1) provides:

4

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

Appellant argues that the federal statute does not mandate that the military retirement benefits of one spouse be invaded and allocated to the other spouse in the event of dissolution of marriage. Appellant maintains that disposition of military pension funds remains a matter of equitable determination by the trial court. Appellant argues that he was married to Respondent only 15 years of his 20 years of military service making the 50% division of his retirement pay inequitable.

In Kis v. Kis (1982), 196 Mont. 296, 300, 639 P.2d 1151, 1153, this Court unequivocally applied the McCarty exemption to military retirement benefits only: "In McCarty, the United States Supreme Court decided that military retirement benefits could not be considered community property to be divided equally in divorce proceedings . . . .. As the case before this Court does not involve a military retirement benefit, the McCarty decision is not controlling."

It is the ruling of this Court that military retirement benefit pay is analogous to any pension fund and constitutes a marital asset. Pursuant to 40-2-202, MCA which requires apportionment of all property and assets of parties to a dissolution, military retirement pay shall be included for purposes of establishing the marital estate.

Equal division of Husband's military retirement benefits in the distribution of marital assets evidences no abuse of discretion by the trial judge.

Affirmed.

5

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6