No. 92-608

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

ROBERT A. MULLENS,

       Petitioner and Appellant,

  and

GRETCHEN J. MULLENS,

       Respondent and Respondent.

FILED

JUL 2 8 1993

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Joan E. Cook, Miller & Cook, Great Falls, Montana

       For Respondent:

       Leo Graybill, Jr., Graybill, Ostrem & Crotty,
Great Falls, Montana

Submitted on Briefs:   July 1, 1993

Decided:   July 28, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Robert A. Mullens appeals from an amended decree of dissolution of the District Court for the Eighth Judicial District, Cascade County, which granted Gretchen J. Mullens money in lieu of her share of the marital estate. We affirm.

There are three issues on appeal:

1. Was the monetary award that the District Court granted to Gretchen a property settlement or maintenance?

2. Was there substantial credible evidence to support the District Court's division of the marital estate?

3. Did the District Court erroneously consider Robert's misconduct when it divided the parties' marital estate?

On September 25, 1985, Robert and Gretchen Mullens were married in Great Falls, Montana. The couple lived in a house in Great Falls that Robert had purchased in 1982. Robert filed for dissolution on August 18, 1989. A trial was begun on September 12, 1991, and was resumed on February 18, 1992. On the afternoon of September 12, 1991, Robert was deposed. His deposition was filed with the court on April 15, 1992. On August 14, 1992, the District Court entered its findings of fact, conclusions of law, and order in the dissolution action.

In its findings, the court found that the family house in Great Falls belonged to Robert and was not marital property. The court determined that at the time of the parties' separation, the marital estate was worth $14,670.30, plus the parties' cars and

2

other personal property. The court found the parties had divided the personal property prior to the dissolution decree and that Gretchen had received a majority of the furnishings and household goods.

In its findings, the District Court also noted that Robert admitted in his deposition that he failed to pay taxes on earned income for years; that he knowingly filed false financial statements in the past; and that he was a self-admitted liar. The court found that Robert was evasive about what property he owned and the values of such property. The court determined that it was necessary "to protect [Gretchen] from [Robert's] on-going fraudulent activities and deceptive trickery."

The court ordered an equitable distribution of the remaining marital estate. The court awarded Robert his personal tools, all three of the parties' bank accounts, all of the parties' automobiles except one, and a silver dipper. Gretchen was awarded a Dodge Omni, a camper, the microwave oven and stand, and a monetary award in lieu of her share of the marital estate. The court ordered Robert to pay Gretchen $3000 within two months of the decree and $500 a month for two years.

On August 17, 1992, Gretchen filed a motion to amend the August 14, 1992, judgment and requested the court to grant her a lien on the house in Great Falls to secure Robert's payment of the monetary award. On September 29, 1992, the court issued its amended order and granted Gretchen's request.

3

## I

Was the monetary award that the District Court granted to Gretchen a property settlement or maintenance?

On appeal, Robert contends that the District Court's order was unclear whether the monetary award to Gretchen was a property settlement or an award of maintenance.

Based on our review of the record, we conclude that the monetary award to Gretchen was a property settlement and not a maintenance award. The District Court made several references to a property division throughout the amended decree and no reference to maintenance. Moreover, the court's findings reflect that the court considered the statutory criteria set forth in § 40-4-202, MCA, the statute pertaining to the division of property; and that the court did not consider the factors required by § 40-4-203, MCA, the statute pertaining to maintenance.

## II

Was there substantial credible evidence to support the District Court's division of the marital estate?

On appeal, Robert contends that the District Court's property division was not supported by substantial credible evidence. He asserts that when the District Court divided the marital estate it did not properly consider the statutory criteria set forth in § 40-4-202(1), MCA. Robert claims that the final property division was inequitable and that it should be reversed.

4

The distribution of the marital estate is governed by § 40-4-202, MCA. The statute vests the district court with broad discretion to equitably apportion the marital estate. *In re Marriage of Collett* (1981), 190 Mont. 500, 621 P.2d 1093.

The standard of review employed by this Court in marital property division cases is whether the district court's findings of fact are clearly erroneous. *In re Marriage of McLean and Fleury* (Mont. 1993), 849 P.2d 1012, 50 St. Rep. 35. When there is substantial credible evidence to support the court's findings and judgment, this Court will not alter the lower court's decision unless there is an abuse of discretion. *In re Marriage of Scoffield* (Mont. 1993), 852 P.2d 664, 50 St. Rep. 560.

Before dividing the marital estate, the District Court heard the parties' testimony and properly considered the statutory criteria found in § 40-4-202(1), MCA. The court made appropriate findings concerning the parties' earning capacities, the amount and sources of Robert's and Gretchen's incomes, the vocational skills of the parties, and the opportunity of each party to acquire assets and income in the future. The court determined that Robert was evasive about what property he owned, the values of such property, and his ability to earn future income. Accordingly, the court granted Robert all of the bank accounts, which were worth $14,670.30, and the five vehicles. The court awarded Gretchen a monetary award instead of her share of the marital estate.

5

We conclude that the District Court did not abuse its discretion when it equitably apportioned the parties' property in this case. The court considered the statutory criteria governing a marital property division, made appropriate findings, and based its property division on substantial credible evidence in the record.

III

Did the District Court erroneously consider Robert's misconduct when it divided the parties' marital estate?

Robert asserts that the District Court erroneously based the property division on evidence of his "marital misconduct." Robert first contends that the court should not have considered evidence of his misconduct because such evidence was based on his deposition which was not admitted into evidence. Robert then relies on *Collett* to support his contention that property is to be apportioned without regard to marital misconduct.

Contrary to Robert's first contention, his deposition was filed on April 15, 1992, and therefore, the District Court was free to consider the admissions contained in it. Regarding Robert's second assertion, he is correct that property is to be divided without regard to marital misconduct. Section 40-4-202(1), MCA. However, there is no indication that in this case the court's decision was based on Robert's conduct.

The record reveals that the District Court relied on findings of Robert's involvement in fraudulent activities, not to punish

6

Robert and to deny him an equitable share of the marital estate, but rather to protect Gretchen's interest in the property settlement. To insure Robert's compliance with the court decree, the court ordered Robert to make payments to Gretchen through the clerk of court. Furthermore, the court granted Gretchen a judgment lien on Robert's life estate interest in the Great Falls house to insure that Robert would complete all payments.

Unlike the court in *Collett*, the District Court in this case did not impose a penalty or take property away from Robert because of his conduct. Unlike the lower court in *Collett*, which reduced the husband's share of the marital estate because of his prior misconduct, the District Court in this case granted Robert an equitable share of the marital estate and only considered Robert's misconduct when considering what measures were necessary to assure that Gretchen would receive the share awarded to her. We find no abuse of discretion.

The judgment of the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
                        Justice

7

We concur:

_____
Chief Justice

_____

_____
Justices

8

July 28, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Joan E. Cook
MILLER & COOK
600 Central Plaza, Suite 300
Great Falls, MT 59401

Leo Graybill, Jr.
GRAYBILL, OSTREM & CROTTY
#18 6th St. N. Suite 200
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_
    Deputy