NO.   94-288

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

ROGER LOWELL BLADES,

      Petitioner and Appellant,

  and

BETTY LOUISE BLADES,

      Respondent and Respondent.

FILED

DEC 29 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Chris Christensen, Keil & Christensen, P.C.,
        Conrad, Montana

      For Respondent:

        George Best, Kalispell, Montana

Submitted on Briefs:  November 18, 1994

Decided:  December 29, 1994

Filed:

_____
           Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Roger Lowell Blades appeals from the property distribution made by the Eleventh Judicial District Court, Flathead County, in this dissolution of marriage. We reverse and remand.

The dispositive issue is whether the District Court erred in distributing to Roger as part of the marital estate two pension plans in which his interest was not vested.

The parties were married for thirty-five years before they separated in 1992. All three of their children are now adults. At the date of trial, Roger was fifty-eight years old, receiving a pension, and seeking additional employment. Betty was fifty-six and working on a part-time, seasonal basis.

In its property distribution, the District Court awarded Betty the family residence, which it valued at $89,000. It awarded her personal property valued at a total of $31,075. It also awarded her 55 percent of Roger's pension, which it valued at $245,698.

The court awarded Roger personal property valued at a total of $29,500. It awarded him 45 percent of his pension, which it valued at $201,037. It also awarded him his interest in two "optional" pensions, which it valued at $43,362 and $53,527 respectively. In order to be eligible for the first "optional" pension, Roger would be required to obtain one additional hour of work with the International Union of Operating Engineers. To be eligible for the second "optional" pension, he would have to obtain work for three years for the International Union of Operating Engineers and repay about

$3,000 he and Betty withdrew from the pension in 1973, plus interest.

Did the District Court err in distributing to Roger as part of the marital estate the two pension plans in which his interest was not vested?

> In apportioning a marital estate, a district court must
>
> finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both.

Section 40-4-202(1), MCA. This Court reviews findings of fact which divide marital property under a clearly erroneous standard. In Re Marriage of Barker (1994), 264 Mont. 110, 113, 870 P.2d 86, 88.

The right to receive a pension may be included in and distributed as part of a marital estate. Kis v. Kis (1982), 196 Mont. 296, 639 P.2d 1151. The value of a pension is its present value. Kis, 639 P.2d at 1153.

Betty cites this Court's opinion in In Re Marriage of Laster (1982), 197 Mont. 470, 643 P.2d 597, as authority that an unvested pension plan may be included in a marital estate. However, in Laster, the husband was employed and contributing to the unvested plan at the time the marriage was dissolved. Here, Roger had not been employed for over two years before the dissolution. He plainly was not contributing to the unvested plans at the time of the dissolution.

Where there are substantial future risks involved in the calculation of the value of a pension, both parties should share those risks. In Re Marriage of Keedy (1991), 249 Mont. 47, 53, 813 P.2d 442, 445. In the present case, Roger was not at the time of trial eligible for benefits under either of the two pensions which the District Court termed "optional." The steps which Roger **must** take to become eligible for either plan involve obtaining reemployment. Clearly, significant risks must be considered in calculating the value, if any, of these pensions. In distributing the "optional" pensions to Roger, the District Court assigned all of those risks to Roger and none to Betty.

Additionally, Betty did not submit evidence during trial of the value of either of the two pensions. Her only evidence of those values was submitted in an attachment to a post-trial brief filed with the District Court. Roger took the position at trial that the two pensions had no value. Therefore, the "estimates" of value which the District Court assigned to the pensions have no support in the trial record.

We hold that the court erred in its assignment of these pensions to Roger as part of his share of the marital estate.

The other issues raised on appeal were whether the court erred in its valuation of the parties' residence, whether it erred in dividing the household goods and personal property, and whether it erred in requiring Roger to retain Betty as the irrevocable recipient of the life insurance policy proceeds. Although none of these issues appear at first blush to involve clear error, our

4

above holding as to the "optional" pensions will require recalculation of the marital estate and the equitable distribution thereof. We therefore conclude that we need not now address the remaining issues raised on appeal.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices