**NO.** 95-275

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

DONALD A. LASSILA,

      Petitioner and Appellant,

  and

BARBARA ANITA LASSILA,

      Respondent and Respondent.

FILED

MAR 21 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Arthur D. Agnellino, Athens, Pennsylvania

    For Respondent:

    John H. Gilliam, Skjelset Law Offices, Missoula,
Montana

Submitted on Briefs:  February 8, 1996

Decided:  March 21, 1996

Filed:

_____
    Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant Donald A. Lassila (Donald) appeals the amended order of the Fourth Judicial District Court, Missoula County, dissolving his marriage to Respondent Barbara A. Lassila (Barbara) and dividing their marital property.

Affirmed.

The following restated issued are presented on appeal:

1. Did the District Court abuse its discretion in its division of the parties' respective retirement benefits?

2. Did the District Court abuse its discretion by not granting Donald a set-off equal to part of Barbara's Montana retirement benefits?

Donald and Barbara were married in 1958 and divorced in 1994. Donald appealed the District Court's findings, conclusions, and decree of dissolution to this Court after entry of the decree. We previously remanded this case to the District Court for clarification of its order, and reserved to the parties the right to re-assert any alleged error following the issuance of the District Court's amended order. On February 27, 1995, the District Court issued its amended findings of fact, conclusions of law, and order. Donald filed the instant appeal shortly thereafter.

2

During the parties' marriage, Donald worked for the United States Forest Service and Barbara was employed as a teacher. In 1981, Barbara quit teaching and, against Donald's wishes, withdrew her entire Montana retirement fund to start a small ice cream business. The business failed about two years later, and Barbara lost her entire investment. In 1990, after separating from Donald, Barbara moved to Washington State and resumed teaching. At the time of this appeal, she remains employed as a teacher in Washington, while Donald continues to be employed by the Forest Service here in Montana.

By the time he retires, Donald will have worked for the Forest Service for more than thirty years and will receive benefits accordingly. Barbara will receive no retirement benefits from the State of Washington unless and until she works there as a teacher for five years. After that, she will receive benefits commensurate to the number of years worked.

In its amended decree, the District Court held that each party would be entitled to half of that portion of the other party's retirement benefits which accrued during the marriage. Donald alleges this holding is erroneous because it places no present value on the pension funds, but instead relies upon some undetermined future value. He further alleges error in the District Court's refusal to allow him a set-off equal to part of Barbara's Montana retirement, which he claims she "dissipated" in her small-business venture.

A district court's findings of fact regarding the division of marital property will not be set aside unless clearly erroneous.

3

In re Marriage of DeWitt (Mont. 1995), 905 P.2d 1084, 1087, 52 St.Rep. 1089, 1091 (citations omitted). If the district court's judgment is supported by substantial credible evidence, it will not be disturbed absent an abuse of discretion. In re Marriage of Griffith (Mont. 1996) _ _ P.2d ___, ___, 53 St.Rep. 28, 30 (citing In re Marriage of Maedje (1994), 263 Mont. 262, 868 P.2d 580).

Did the District Court abuse its discretion in its division of the parties' respective retirement benefits?

In its amended order, the District Court set out the formula by which the parties' retirement benefits are to be divided. The District Court determined that each party would receive one-half of that portion of the other's retirement benefits which was earned during the marriage. In effect, the District Court gave each party a percentage of the other's total retirement based on the amount of benefits accrued during the time the parties were married. This is the so-called "time rule" method of dividing a pension. See Rolfe v. Rolfe (1988), 234 Mont. 294, 766 P.2d 223; In re Marriage of Truax (1995), 271 Mont. 122, 894 P.2d 936.

Donald alleges this formula constitutes an abuse of discretion because it gives no present value to either party's retirement benefits, but instead is dependent on how much the retirement benefits will be worth whenever the parties retire. He claims a fixed present value is necessary because there is "great future risk" that the retirement benefits of one party will not vest.

Generally, the proper test for determining the value of a pension is present value. In re Marriage of Bowman (1987), 226 Mont. 99, 108, 734 P.2d 197, 203 (citing Kis v. Kis (1982), 196

4

Mont. 296, 639 P.2d 1151). However, a court may decline to presently value a pension under certain circumstances, and instead employ the "time rule" formula. The **"time** rule" is appropriately used if the pension to be valued is subject to unknown contingencies which makes present valuation impractical or inequitable.

Curiously, Donald argues that the pensions in this case are subject to various contingencies, and therefore the District Court must give the pensions a present value. This directly contradicts previous cases where we have held that the "time rule" valuation, rather than present valuation, is appropriate if substantial contingencies exist. Rolfe 766 P.2d at 226; Truax 894 P.2d at 938. Since Donald himself argues that the pensions are subject to such contingencies, we find no error in the District Court's employment of the "time rule" formula in valuing the pension funds. The District Court set out a rational formula by which the benefits are to be divided. Donald has failed to show that the employment of this formula constitutes an abuse of the District Court's discretion.

Did the District Court abuse its discretion by not granting Donald a set-off equal to part of Barbara's Montana retirement benefits?

In 1982, after numerous years working as a teacher in Montana, Barbara retired. She then withdrew all her retirement benefits and started a small ice cream store. The business subsequently failed and Barbara lost her entire investment.

5

Section 40-4-202, MCA, lists the factors which a district court must consider when dividing marital property. One such factor is whether, and to what extent, a party has dissipated a marital asset. Section 40-4-202, MCA. Donald argues that the District Court should have found that Barbara dissipated her retirement and that, had she not done so, Donald would have been entitled to part of it. He contends that the District Court then should have used the amount of the dissipated funds as a set-off against whatever amount Donald may owe Barbara from his pension.

Although the District Court found that Barbara's Montana pension had been "dissipated during the marriage," no specific finding or conclusion indicates that the District Court used the word "dissipated" to mean that Barbara had frittered the money away. Indeed, from the testimony presented at the hearing, it is uncontroverted that Barbara worked long hours to try to make the business a going concern, albeit without success. Nothing indicates that Barbara purposely wasted her retirement. There is no reasonable basis for penalizing her now, more than ten years later, for a business venture embarked on during the marriage. Under similar circumstances, this Court refused to allow a set-off because of such business losses:

> [F]undamental legal principles of marital status [indicate that] spouses possess mutual powers, obligations and interests which endure until lawfully modified or terminated. One of those powers is the power to freely contract with others regarding marital property. Section 40-Z-301, MCA. Appellant may have used poor judgment in his business transactions . . however, he lawfully possessed that power. The record does not indicate the respondent attempted to modify the appellant's right to control and dispose of the property

6

as he did or that she claimed breach of fiduciary obligation by the appellant.

In re Marriage of Lippert (1981), 192 Mont. 222, 227-28, 627 P.2d 1206, 1209. The Lippert rationale is directly on point to the case at bar. It is also noteworthy that Donald and Barbara remained married for six additional years following the business failure.

The task of the District Court is to divide the existing marital estate at the **time** that the parties are separated or divorced. Section 40-4-202, MCA. It is not the task of the District Court to reach back through the years of the marriage and attempt to divide assets which, for whatever reason, no longer exist. It was not error for the District Court to refuse to do so.

The District Court has broad discretion to apportion the marital estate in a manner which is equitable to each party under the circumstances. In re Marriage of Binsfield (1995), 269 Mont. 336, 343, 888 P.2d 889, 893 (citation omitted). We find no abuse of discretion in the District Court's apportionment of the marital estate in this case. Accordingly, the decree is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7

March 21, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Arthur D. Agnellino
Attorney at Law
302 South Elmira Street
Athens, PA 18810

Douglas G. Skjelset
Attorney at Law
1600 No. Ave. W., Ste. 105
Missoula, MT 59801

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy